**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      **v.**                                   **08-CR-186A**

**ANTOINE CALLAHAN a/k/a "Twan,"**

      **Defendant**.
_____


## DECISION AND ORDER

      This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #8.


      The defendant, Antione Callahan, is charged in five counts of a 109 count superseding indictment with violations of Title 21, United States Code, Sections 846 (conspiracy with intent to distribute and distribution of cocaine), and Title 21, United States Code, Sections 843(b) (use of a communication facility to commit drug felony). Dkt. #190.


      Presently pending before this Court is defendant's motion for:

1.      Severance;

2.      Discovery and Inspection;

3.      Bill of Particulars;

4.      Joinder on all pre-trial motions of co-defendants;

5.      Impeachment Information;

6.      Brady Material;

7.      Expert Disclosure;

8.      Jencks Material;

9.      Identity of Informants; and

10.     Leave to File Other Motions.

Dkt. #315.

The government has filed its response to the foregoing motions, as well as a motion for reciprocal discovery.  Dkt. #333.

**Severance**

The defendant seeks severance of the charges against him from those of his co-defendants on the ground that evidence against his co-defendants may prejudice the jury with respect to defendant's case.  Dkt. #315, pp.4-5.

The government responds that defendant has failed to demonstrate substantial prejudice resulting from a joint trial of all counts in the indictment.  Dkt. #333, pp.4-8.

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993). Thus, when the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together. *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988).

"The disposition of a motion for severance under Rule 14 is entrusted to the sound discretion of the trial court. *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)." *United States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954). The defendant maintains a "heavy burden" in establishing a right to a severance. *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied sub nom. Crespo v. United States*, 442 U.S. 919 (1979). He must establish that he will be so severely prejudiced by a joint trial that he will in effect be denied a fair trial. *United States v. Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985).

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

The charges in the Superseding Indictment against this defendant and his co-defendants are such that with appropriate instructions from the trial judge, a jury will be able to collate and appraise the independent evidence against the defendant solely on his acts, statements and conduct and thereby render a fair and impartial verdict as to him. Therefore, defendant's request for a severance is denied.

**Discovery and Inspection**

The defendant seeks more than 20 categories of evidence from the government in discovery, some of which appear duplicative of requests made later in defendant's motion papers, and which will be addressed subsequently. Dkt. #315, pp.5-7.

The government responds that it has provided voluntary discovery beyond it's obligations pursuant to Rule 16 and in compliance with Rule 12(b)(4) of the Federal Rules of Civil Procedure. Dkt. #333, pp.8-9. The government acknowledges its obligations pursuant to these Rules, but objects to defendant's discovery demands to the extent they exceed these obligations. Dkt. #333, p.9. The government agrees to disclose conviction records of witnesses and defendant's arrest records at trial. The government also agrees to disclose written statements at trial and investigative agency memoranda of interviews with witnesses as provided by Title 18, United States Code, Section 3500. The government agrees to maintain any rough notes that may exist but declines to disclose them at this time. Dkt. #333, p.11.

As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is denied on the basis that it is moot.

The defendant's request for disclosure of the grand jury proceedings is denied for failure to demonstrate particularized need for such disclosure. *See Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959)(It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy."). It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. §3500.

Regarding defendant's request to have all potential Rule 16 and *Jencks* materials preserved, the Court repeats the express admonition of the Court of Appeals for the Second Circuit:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

and Rule 16, Fed.R.Crim.P. material in this case.


**Bill of Particulars**

The defendant seeks the exact date and time that the defendant joined

the alleged drug conspiracy and utilized a telephone to facilitate the possession and

distribution of cocaine.  Dkt. #315, pp.7-8.


The government responds that the defendant has not met his burden to

establish that a bill of particulars is warranted.  Dkt. #333, pp.11-16.


The defendant's request for a bill of particulars is denied.  It has become

axiomatic that the function of a bill of particulars is to apprise a defendant of the

essential facts of the crime for which he has been charged.  *United States v. Salazar,*

485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v.*

*United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the

discovery materials provided by the government, clearly inform the defendant of the

essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is

he in need of, the "particulars" being sought for that purpose.

A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Fella*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Joinder in Co-Defendants' Motions**

The defendant seeks to join in all applicable pre-trial motions that may have been or will be filed by his co-defendants. Dkt. #315, p.8.

The government opposes this request. Dkt. #333, p.26.

Defendant's request is granted with the further directive and finding that the decision made by this Court as to each co-defendant's requests contained in the motions in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Impeachment**

The defendant seeks any information which could be utilized for the impeachment of prosecution witnesses. Dkt. #315, pp.8-9.

The government agrees that it will continue to disclose evidence in its possession which might fall within the ambit of Rules 607, 608 and 609 of the Federal Rules of Evidence, but declares that it is currently unaware of any impeachment evidence encompassed by Rule 609 of the Federal Rules of Evidence. Dkt. #333, p.22. The government also states its intention to introduce at trial, pursuant to Rule 404(b), all prior criminal acts for the purpose of showing proof of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and/or absence of mistake or accident. Dkt. #333, p.23.

Neither Rule 607 nor Rule 608 nor Rule 609 of the Federal Rules of Evidence contains a required pretrial notice. Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 or Rule 609 at this time.

**Disclosure of *Brady* and *Giglio* Materials**

The defendant seeks disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. #315, p.9.

The government acknowledges its affirmative continuing duty to provide the defendant with exculpatory evidence, as well as evidence that the defense might use to impeach the government's witnesses at trial, but otherwise opposes defendant's request as beyond the scope of its obligations.  Dkt. #333, pp.17-20.

The government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa,* 267 F.3d 132, 146 (2d Cir. 2001), and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), by making timely disclosure of *Brady* and *Giglio* materials to the defendant.

**Expert Witness Disclosure**

The defendant seeks disclosure of expert witness information pursuant to Rule 16 (a)(1)(e).  Dkt. #315, p.10.

The government responds that it will identify its expert witnesses and provide written summaries of the expert's testimony and basis for their opinions pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence in accordance with the trial judge's scheduling order.  Dkt. #21.

In reliance upon the government's representations, defendant's motion is denied as moot.

**Jencks Material**

The defendant seeks immediate disclosure of any written statement, transcript or recording of oral statements, grand jury statements, notes, and surveillance reports made by or regarding any witness. Dkt. #315, pp.10-11.

The government responds that it will comply with the pretrial order of the trial judge regarding timely disclosure of witness statements encompassed by 18 U.S.C. §3500, with reservation of its right to argue that legitimate safety concerns outweigh the need for pretrial disclosure. Dkt. #333, pp.21-22.

The defendant's motion is denied to the extent that it exceeds the scope of 18 U.S.C. § 3500. With respect to those statements encompassed by this statute, the prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Identity of Informants**

The defendant seeks disclosure of the identity of government informants on the ground that discovery provided by the government suggests that these

individuals were probably participants in the criminal acts set forth in the indictment. Dkt. #315.

The government responds that such disclosure is unwarranted at this point. Dkt. #333, p.20-21.

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). It is not sufficient that the informant was a participant and witness to the crime. *Saa*, 859 F.2d at 1073.

The defendant has failed to demonstrate that disclosure of information regarding government informants is warranted in this matter at this time. Therefore, this aspect of defendant's motion is denied.

## Leave to File Other Motions

The defendants seeks leave to make such other motions as may be appropriate at a later date.  Dkt. #15, p.11.

This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

## Government's Request for Reciprocal Discovery

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #333, p.25.  The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  Dkt. #333, p.25.  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial.  Dkt. #333, p.25.  Pursuant to Rule 807 of the Federal Rules of Evidence, the government also seeks advance disclosure of any statement the defendant proposes to utilize at trial.  Dkt. #333, p.26.

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is

entitled to this information pursuant to Rule 16(b)(1) and its request is granted. The

government's motion with respect to Rule 807 of the Federal Rules of Evidence is

denied as moot by reason of the requirements contained within Rule 807 of the FRE

wherein it is specifically stated:

> However, a statement may not be admitted under this
> exception unless the proponent of it makes known to the
> adverse party sufficiently in advance of the trial or hearing to
> provide the adverse party with a fair opportunity to prepare
> to meet it, the proponent's intention to offer the statement
> and the particulars of it, including the name and address of
> the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule

58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments,

case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v.

Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure

to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
              December 29, 2010

                          *s/ H. Kenneth Schroeder, Jr.*
                          **H. KENNETH SCHROEDER, JR.**
                          **United States Magistrate Judge**