UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

  v.              08-CR-186A

**ANTOINE CALLAHAN a/k/a "Twan,"**

  **Defendant**.
_____

## DECISION AND ORDER

  This case was referred to the Hon. Hugh B. Scott by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8. Thereafter, Magistrate Judge Scott issued an Order of Recusal in the case as to defendant Antoine Callahan only (*see* Minute Entry dated February 11, 2009) and the case with respect to Antoine Callahan was referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

  The defendant, Antoine Callahan, is charged in four counts of a 38 count Second Superseding Indictment with violations of Title 21, United States Code, Sections 846 (conspiracy with intent to distribute and distribution of cocaine), and Title 21, United States Code, Section 843(b) (use of a communication facility to commit drug felony). Dkt. #849.

Presently pending before this Court is defendant's motion for:

1. Severance;

2. Discovery and Inspection;

3. Bill of Particulars;

4. Joinder on all pre-trial motions of co-defendants;

5. Impeachment Information;

6. Brady Material;

7. Expert Disclosure;

8. *Jencks* Act Material;

9. Identity of Informants; and

10. Leave to File Other Motions.

Dkt. #930.

The government has filed its response to the foregoing motions, as well as a motion for reciprocal discovery. Dkt. #939.

**<u>Severance</u>**

The defendant seeks severance of the charges against him from those of his co-defendants on the ground that evidence against his co-defendants may prejudice the jury with respect to defendant's case. Dkt. #930, pp.4-5. The government responds that defendant has failed to demonstrate substantial prejudice resulting from a joint trial of all counts in the Second Superseding Indictment. Dkt. #939, pp.17-23. A

Decision and Order on defendant Antoine Callahan's motion to sever is left to the discretion of the District Judge to whom this case is assigned, District Judge Richard J. Arcara.

**<u>Discovery and Inspection</u>**

The defendant seeks more than 20 categories of evidence from the government in discovery, some of which are duplicative of requests made with respect to the original Indictment (Dkt. #1) and the Superseding Indictment (Dkt. #190), as well as requests made later in defendant's motion papers, and which will be addressed subsequently. Dkt. #930, pp.5-8. The government responds that it has provided "very liberal pretrial discovery," and "on the basis of the voluminous discovery already provided, further disclosure is not warranted." Dkt. #939, pp.5-8. Moreover, the government notes, "[i]n prior correspondence and its prior filings, the government has listed numerous items of evidence already disclosed and made available to all of the defendants." Dkt. #939, p.5.

The Court takes this opportunity to set forth a brief procedural overview of the case against Antoine Callahan to illustrate that discovery has been ongoing for five years. Antoine Callahan was initially charged in a Sealed Indictment returned on July 24, 2008. Dkt. #1. On May 21, 2009, a Federal Grand Jury returned a Superseding Indictment charging Antoine Callahan, among others, in five counts of a 109 count Superseding Indictment with violations of Title 21, United States Code, Sections 846 (conspiracy with intent to distribute and distribution of cocaine), and Title 21, United States Code, Section 843(b) (use of a communication facility to commit drug felony).

Dkt. #190.  Thereafter, defendant Callahan filed omnibus discovery motions directed to the Superseding Indictment.  Dkt. #315.  After engaging in plea negotiations and a failed attempt at entering a plea in late 2010, this Court issued is Decision and Order with respect to the pending omnibus discovery motions.  Dkt. #507.  In the meantime, Magistrate Judge Scott continued to handle the dispositive and non-dispositive motions filed by Callahan's co-defendants.  Jury selection was scheduled to begin on November 7, 2012. Thereafter, the trial was re-scheduled to February 26, 2013.  A Second Superseding Indictment was returned on January 18, 2013.  Dkt. #849.  On May 29, 2013, defendant Callahan filed the instant omnibus discovery motions directed to the Second Superseding Indictment.  Dkt. #930.

Based on the foregoing and the representations by counsel for the government concerning the volume of discovery provided and enumerated in prior filings, the defendant's request for discovery is denied as moot.

**Bill of Particulars**

As in its prior omnibus discovery motion directed to the Superseding Indictment, the defendant again seeks particularization as to each count in the Second Superseding Indictment. Dkt. #930, p.8.  The government responds that the defendant has not met his burden to establish that a bill of particulars is warranted.  Dkt. #939, pp.4-8.

The defendant's request for a bill of particulars is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Fella*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Joinder in Co-Defendants' Motions**

The defendant seeks to join in all applicable pre-trial motions that may have been or will be filed by his co-defendants. Dkt. #930, p.8. In addition, on the date scheduled for oral argument on the instant motions, the defendant submitted on the papers and specifically sought to join in co-defendants' motions for a conspiracy hearing and particularization of the telephone counts.

Defendant's request to join is granted with the further directive and finding that the decision made by Magistrate Judge Scott as to each co-defendant's requests contained in the motions in which this defendant joins shall also be deemed to be the finding and order as to the defendant herein.

**Impeachment**

The defendant seeks any information which could be utilized for the impeachment of prosecution witnesses. Dkt. #930, pp.8-9. In its response to defendant's request for *Brady* and *Giglio* material, the government acknowledges its affirmative and continuing duty to provide the defendant with evidence that the defense might use to impeach the government's witnesses at trial. Dkt. #939, p.14. Moreover, the government notes that typical impeachment material, such as beneficial treatment by the government, is normally disclosed at the time that 3500 (*Jencks* Act) material is disclosed. Defendant Callahan's specific requests for *Brady* and *Jencks* Act material will be addressed below.

**Disclosure of *Brady* and *Giglio* Materials**

The defendant seeks disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. #930, p.9. The government acknowledges its affirmative continuing duty to provide the defendant with exculpatory evidence, as well as evidence that the defense might use to impeach the government's witnesses at trial, but otherwise opposes defendant's request as beyond the scope of its obligations. Dkt. #939, pp.14-16.

The government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa,* 267 F.3d 132, 146 (2d Cir. 2001), and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007), by making timely disclosure of *Brady* and *Giglio* materials to the defendant.

**Expert Witness Disclosure**

The defendant seeks disclosure of expert witness information pursuant to Rule 16 (a)(1)(e). Dkt. #930, p.10. Although the government does not respond to this specific request by defendant Callahan as it relates to the Second Superseding Indictment, in its prior response, the government indicated that it would identify its expert witnesses and provide written summaries of the expert's testimony and basis for their opinions pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence in accordance with the trial judge's scheduling order. Dkt. #333, p.21. In reliance upon the government's prior representations, defendant's request is denied as moot.

### *Jencks* Act Material

The defendant seeks immediate disclosure of any written statement, transcript or recording of oral statements, grand jury statements, notes, and surveillance reports made by or regarding any witness. Dkt. #930, pp.10-11.

The government responds that it will comply with the pretrial order of the trial judge regarding timely disclosure of witness statements encompassed by 18 U.S.C. §3500, with reservation of its right to argue that legitimate safety concerns outweigh the need for pretrial disclosure. Dkt. #939, p.16.

The defendant's motion is denied to the extent that it exceeds the scope of 18 U.S.C. § 3500. With respect to those statements encompassed by this statute, the prosecution is not required to disclose and turn over *Jencks* statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### Identity of Informants

The defendant seeks disclosure of the identity of government informants on the ground that discovery provided by the government suggests that these

individuals were probably participants in the criminal acts set forth in the indictment. Dkt. #930, p.11. Moreover, defendant Callahan adds that, "[i]n order to adequately prepare Defendant Antoine Callahan's defense it is absolutely necessary that the Prosecutor [sic] reveal the identity of the Informants [sic] so that the defense can properly investigate each individual and the benefits they may have received from the government in cooperation." *Id*.

The government did not specifically respond to this request as it relates to the Second Superseding Indictment. The government did respond that such disclosure was unwarranted as it related to the Superseding Indictment. Dkt. #333, p.20-21.

Disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir.), *cert. denied*, 489 U.S. 1089 (1988); *see Roviaro v. United States*, 353 U.S. 53, 59 (1957) (government generally is not required to disclose identity of confidential informants). "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden; instead the district court must be satisfied, after balancing the competing interests of the government and the defense, that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). It is not

sufficient that the informant was a participant and witness to the crime. *Saa*, 859 F.2d at 1073.

The defendant has failed to demonstrate that disclosure of information regarding government informants is warranted in this matter at this time. Therefore, this aspect of defendant's motion is denied.

**Leave to File Other Motions**

The defendants seeks leave to make such other motions as may be appropriate at a later date. Dkt. #930, p.11.

This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery. Dkt. #939, p.25. The government has requested that the defendant permit it to inspect and copy books, papers, documents, photographs and tangible objects which the defendant intends to introduce as evidence-in-chief at the trial. *Id*. In addition, the government seeks to inspect all

reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial. *Id*. Pursuant to Rule 807 of the Federal Rules of Evidence, the government also seeks advance disclosure of any statement the defendant proposes to utilize at trial. *Id*.

Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted. The government's motion with respect to Rule 807 of the Federal Rules of Evidence is denied as moot by reason of the requirements contained within Rule 807 of the Federal Rules of Evidence wherein it is specifically stated:

> However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	Buffalo, New York
	September 5, 2013


							*s/ H. Kenneth Schroeder, Jr.*
							**H. KENNETH SCHROEDER, JR.**
							**United States Magistrate Judge**